IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>[1] EDGARDO NAVARRO SUAREZ,<br><br>[4] JCA DEVELOPMENT, INC.,<br><br>[5] JCA PACKAGING GROUP, INC., and<br><br>[7] JCA INDUSTRIAL SUPPLY CORP.<br><br>Defendants.<br><br>GLENDA MELENDEZ PEREZ,<br><br>Interested Party. | No.: 25-cr-163 (CVR)<br><br>**Filed Selected Parties** |

### UNITED STATES' REPLY TO DEFENDANTS' RESPONSE TO MOTION SEEKING ORDER TO SHOW CAUSE

Defendants acknowledge the existence of survival statutes under Puerto Rico law. But they cite nothing other than their own musings to establish that survival statutes don't apply to this case. *See* Defendants' Response, ECF No. 66 at 3 (citing no case law in proclaiming "All too frequently, a strict construction of saving statutes has impelled the conclusion that c[r]iminal actions did not survive dissolution."). Defendants claim that Section 9.09 only applies to civil actions. *See id.* at 3-4. That's not what the statute says. It says, "all such suits as may be necessary." *See* 14 L.P.R.A. § 3709 (Lexis English Translation). The Spanish version states, "para entablar todos los litigios que sean necesarios."

Then it is further specified that a trustee or receiver appointed under that provision may be appointed "to do all other acts which might be done by the corporation, if in being, that may be necessary for the final settlement of the unfinished business of the corporation." *See id.* Section 9.08 discusses "prosecuting and defending suits, whether civil, criminal or administrative." The Spanish version states, "de proseguir con la defensa de los pleitos entablados contra ella."

"Pleito" means lawsuit, fight, argument, dispute. *See Pleito*, Merriam-Webster Spanish to English Dictionary (2003). "Litigio" means litigation, lawsuit. *See id.* The English translations, which control here,[1] use the same word – "suit." In any event, the use of identical – or essentially identical – terms suggests that the drafters were referring generally to litigation, which could include both criminal and civil matters. *See United States v. Castleman*, 572 U.S. 157, 174 (2014) (Scalia, J., concurring in part) (discussing the presumption of consistent usage of a term within a statutory enactment).

Defendants attach a one-page letter purporting to inform clients in 2013 that JCA Industrial Supply will do business as JCA Development from that point forward. But they do nothing to rebut the contradictory evidence showing that they continued to do business under the name of JCA Industrial Supply for ten years and continued to hold financial accounts under that name. *See* United States' Motion, ECF No. 62 at 12 (check made payable to JCA Industrial Supply dated 2023).

Defendants claim "a simple matter of law" prevents the appearance of JCA Industrial Supply Corp before this Court. *See* ECF No. 66 at 4. Despite it being so "simple," Defendants

---

[1] *See Puerto Ricans For Puerto Rico Party v. Dalmau*, 544 F.3d 58, 67 (1st Cir. 2008).

have failed to point to anything supporting their contentions. That's why the Court should grant the United States' Motion.

          Respectfully submitted,

          W. STEPHEN MULDROW
          United States Attorney

          s/Daniel J. Olinghouse
          Assistant United States Attorney
          USDC-PR No. G03009
          Torre Chardón, Suite 1201
          350 Carlos Chardón Street
          San Juan, Puerto Rico 00918
          (787) 766-5656
          Daniel.Olinghouse2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing to be presented to the Clerk of the Court for filing and uploading to the CM/ECF system, which will generate an electronic notice of this filing to be sent to the parties.

          s/Daniel J. Olinghouse
          Daniel J. Olinghouse
          Assistant United States Attorney